IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) ) ) ) ) | No. 79307-1-I |
| DARRESON CHESTER HOWARD, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | FILED: November 18, 2019 |

VERELLEN, J. —In this personal restraint petition, Darreson Howard contends he received ineffective assistance of counsel because his attorney did not request an exceptionally lenient sentenced based on his youthfulness. Because there is no evidence that Howard's youthfulness was a factor in this case, Howard cannot establish that defense counsel was deficient. And because Howard does not establish ineffective assistance of counsel, we deny his petition.

## FACTS

The underlying facts of the case are undisputed. Around 11:15 p.m. on April 1, 2013, Richard Powell, a town car driver, dropped off a customer in West Seattle. He then drove to a nearby location and stepped out of the car to have a cigarette and to call dispatch for his next customer. A car passed by him and two people, possibly men, exited the car and approached him. One pulled out a gun and told Powell to empty his pockets. The other stood closely nearby.

Powell responded by drawing his own gun, for which he had a concealed weapons permit. Juan Garcia-Mendez, the person with the gun and who had ordered Powell to empty his pockets, shot Powell three times in the chest. Powell had fired two shots. Garcia-Mendez and the other person with him fled. Powell managed to call 911. Police responded to the scene. Powell required significant medical treatment to survive and recover.

Shortly after this incident, Garcia-Mendez approached a police officer near the scene. Garcia-Mendez had sustained gunshot wounds. The police also discovered a silver KIA Spectra near the scene with blood in the rear seat.

Following an investigation, the State charged three individuals based on these events: Sophia Delafuente, Garcia-Mendez, and Howard.

On September 2, 2015, a jury convicted Howard of first degree assault and first degree attempted robbery. The jury found Howard committed the crimes while armed with a firearm. And the jury found both counts were aggravated due to Howard's rapid recidivism. On October 2, 2015, the court imposed a 296-month sentence that included a consecutive 60-month firearm enhancement on count 1 and a 36-month firearm enhancement on count 2. Howard filed a direct appeal, and this court affirmed Howard's judgment and sentence.[1]

Howard filed this timely personal restraint petition on December 6, 2018.

---

[1] State v. Howard, No. 74054-7-I, (Wn.Ct. App. May 15, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/740547.pdf

2

ANALYSIS

To prevail on this personal restrain petition, Howard must show either actual and substantial prejudice from constitutional error or nonconstitutional error that "'inherently results in a complete miscarriage of justice.'"[2]

Howard contends he received ineffective assistance of counsel because his attorney did not request an exceptionally lenient sentenced based on his youthfulness.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that defense counsel's representation was deficient and that the deficient representation prejudiced the defendant.[3] The defendant must overcome the strong presumption that defense counsel's representation was not deficient.[4]

RCW 9.94A.535 provides, "The court may impose a sentence outside the standard sentence range for an offense if it finds . . . that there are substantial and compelling reasons justifying an exceptional sentence."[5] The defendant has the burden to prove mitigating circumstances by a preponderance of the evidence.[6]

---

[2] In re Pers. Restraint of Cook, 114 Wn.2d 802, 810-12, 792 P.2d 506 (1990) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)).

[3] State v. Grier, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

[4] State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004) (citing State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)).

[5] RCW 9.94A.535.

[6] RCW 9.94A.535(1).

The sentencing court may consider the defendant's youthfulness as a mitigating factor, even if the defendant was over 18 when he or she committed the offense.[7] But the court "may not impose an exceptional sentence automatically on the basis of youth, absent any evidence that youth in fact diminished a defendant's culpability."[8] "[T]he defendant must show that his youthfulness relates to the commission of the crime."[9]

Here, Howard was 19 years old at the time of the offense. At sentencing, Howard's counsel requested a low-end sentence. His counsel did not request an exceptionally lenient sentence or otherwise discuss Howard's youthfulness. Ultimately, the court imposed a sentence at the high end of the standard range.

In support of this petition, Howard submitted a declaration from Laurence Steinberg, a developmental psychologist. Steinberg opines, "[T]he same sort of psychological and neurobiological immaturity characteristic of juveniles under the age of 18 also describes individuals between 18 and 21."[10] Steinberg states that 18- to 21-year olds are less able to understand the consequences of their decisions and are more likely to underestimate the risks in a given situation.[11] He explains these "deficiencies in judgment are exacerbated by the presence of peers."[12]

---

[7] State v. O'Dell, 183 Wn.2d 680, 689, 358 P.3d 359 (2015).

[8] Id. (emphasis added).

[9] Matter of Light-Roth, 191 Wn.2d 328, 336, 422 P.3d 444 (2018) (citing State v. Ha'mim, 132 Wn.2d 834, 846, 940 P.2d 633 (1997)).

[10] Steinberg Declaration at 4.

[11] Id. at 7-8.

[12] Id. at 9.

Howard also submitted a declaration from his sister, Willow Jim. In her declaration, Jim explained Howard's traumatic childhood. She stated their mother abandoned the family and a cousin sexually abused Howard.[13] In her declaration, she also stated that Howard became involved with a gang when he was 14 years old.[14] And at 16 years old, Howard was convicted, as an adult, of vehicular homicide.[15]

Neither Steinberg's nor Jim's declaration establishes that Howard's youth in fact diminished his culpability in this case. Steinberg's declaration contains a general overview of the brain developmental for late adolescents. Steinberg's opinion is in line with studies cited by our Supreme Court in State v. O'Dell.[16] In O'Dell, our Supreme Court acknowledged:

> [P]sychological and neurological studies show[ ] that the parts of the brain involved in behavior control continue to develop well into a person's 20s. These studies reveal fundamental differences between adolescent and mature brains in the areas of risk and consequence assessment, impulse control, tendency toward antisocial behaviors, and susceptibility to peer pressure.[17]

Neither declaration provides information about Howard's ability to assess risks and consequences, impulse control, tendency toward antisocial behavior, or susceptibility to peer pressure. Steinberg did not examine Howard, nor does he express an opinion on whether Howard's youthfulness was a factor in this case.

---

[13] Jim Declaration at 1-2.

[14] Id. at 3.

[15] Id. at 3-4.

[16] 183 Wn.2d 680, 358 P.3d 359 (2015).

[17] O'Dell, 183 Wn. 2d at 691-92 (internal quotation marks and footnotes omitted).

Similarly, in her declaration, Jim generally discusses Howard's difficult childhood, but her declaration does not provide evidence that Howard's youth in fact diminished his culpability here.

Because there is no evidence that Howard's youthfulness was a factor in this case, Howard does not establish that his attorney was deficient for failing to request an exceptionally lenient sentence. Because Howard fails to establish ineffective assistance of counsel, he is not entitled to relief on his personal restraint petition.

Therefore, we deny Howard's petition.

WE CONCUR: